151 So. 74

ROBIN v. MISTRIC.

No. 31818.

Oct. 30, 1933.

Oscar J. Mistric, in pro. per.

William Alexander Robertson, of Opelousas, for appellee.

OVERTON, Justice.

This is a suit, coupled with a writ of sequestration, to recover certain notes and documents, a loose-leaf mortgage book, a cashbook, a daybook, a ledger, a journal, and certain vouchers claimed by plaintiff.

Pierre Mistric, the husband of plaintiff, died, leaving an estate valued at $208,119.77, consisting principally of farm lands, mortgage notes, bonds, and securities. One-half of this estate belonged to plaintiff, as widow in community, and the remaining half was willed by her deceased husband to plaintiff's nine children, though not altogether in equal portions. Plaintiff purchased from her children their interest in the estate, and thereby became the owner of the whole.

Plaintiff needed an agent and attorney to look after the estate for her. She appointed her son, the defendant herein, whom his father had named as one of his legatees, to serve both as her lawyer and as her agent. Defendant, as his mother's agent, took charge of the estate, and, with assistance, kept books, showing his transactions, receipts, and disbursements, as agent, and besides came into possession of notes and various documents belonging to plaintiff.

Plaintiff made an effort to obtain an accounting from defendant, but defendant failed to render an account of his agency. Plaintiff thereupon revoked the power of attorney she had given defendant, and later brought the present suit to recover her papers, notes, and books.

In his answer, defendant asserts ownership of the books, documents, and other papers. The evidence is overwhelmingly in favor of plaintiff on the entire case. The trial judge rendered judgment in favor of plaintiff, decreeing her to be the owner of the property seized under the writ of sequestration, and directing that it be delivered to her, but reserving to defendant the right to examine the books, vouchers, and other papers at reasonable times, under plaintiff's supervision, or under the supervision of her attorney.

Defendant has made no appearance to point out error in the judgment, and we fail to find error therein.

The judgment is affirmed at defendant's costs.